UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY WILLIAM HAWLEY,

    Petitioner,

    v.

SCOTT MCEWEN, Warden,

    Respondent.
_____/

No. C 12-5101 PJH

**ORDER TO SHOW CAUSE**

    Petitioner Timothy William Hawley ("Hawley"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

    On December 7, 2008, a jury in the Santa Clara County Superior Court convicted Hawley of one count of misdemeanor battery under California Penal Code § 242, four counts of aggravated sexual assault of a child under California Penal Code § 269, three counts of sexual penetration by force, violence, duress, menace, or fear of bodily injury under California Penal Code § 289(a)(1), one count of sodomy by violence, duress, menace, or fear of bodily injury under California Penal Code § 286(c)(2), and three counts of rape by violence, duress, menace, or fear of bodily injury under California Penal Code § 261(a)(2). The court subsequently sentenced Hawley to 96 years to life in prison.

    Hawley appealed to the California Court of Appeal, which affirmed his conviction on December 13, 2010. The California Supreme Court denied review on March 30, 2011. The United States Supreme Court denied his petition for writ of certiorari on October 3, 2011.

# DISCUSSION

## A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Petitioner's Legal Claims

Hawley raises five claims for federal habeas relief, including that:

(1) his due process rights were violated when (a) the trial court admitted allegedly irrelevant evidence regarding an anal injury suffered by the victim, and (b) when the trial court denied his motion to admit evidence regarding the victim's online statements regarding prior sexual conduct;

(2) his Confrontation Clause and due process rights were violated when the trial court refused to allow him to inquire of the victim regarding whether her diary contained evidence of her sexual fantasies;

(3) the trial court's imposition of mandatory consecutive sentences violated *Apprendi v. Jersey*, 530 U.S. 466, 490 (2000);

(4) the trial court's application of California Penal Code § 269(c) violated the Ex Post Facto Clause of the United States Constitution; and

(5) he was denied his Sixth Amendment right to effective assistance of counsel when his counsel failed to inform him that he did not have a right to testify on his own behalf.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve a copy of this order and the petition and all attachments thereto upon respondents.

2. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated: October 22, 2012

PHYLLIS J. HAMILTON
United States District Judge