1

2

3                    UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6

TIMOTHY WILLIAM HAWLEY,

7
                 Petitioner,              No. C 12-5101 PJH

8
        v.

9                                         **ORDER STAYING PROCEEDINGS;**
SCOTT MCEWEN, Warden,                     **ORDER ADMINISTRATIVELY**
10                                        **CLOSING CASE**
                 Respondent.
11   _____/

12        Petitioner Timothy William Hawley, a state prisoner, has filed a petition for a writ of

13   habeas corpus pursuant to 28 U.S.C. § 2254.  On October 22, 2012, the court entered an

14   order to show cause why the petition should not be granted.  Respondent Scott McEwen

15   filed a motion to dismiss the habeas petition on the ground that claim five is not exhausted

16   and is pending in a state habeas petition before the California Supreme Court.  Petitioner

17   filed an opposition to motion, asking the court to issue a stay and abeyance of the petition

18   until the supreme court issues a ruling on the pending state habeas petition.  Respondent

19   did not reply to petitioner's opposition.  The court determines that the matter is suitable for

20   decision without oral argument and vacates the hearing noticed by respondent in his

21   moving papers.

22        District courts have the authority to stay mixed petitions to allow for exhaustion.  *See*

23   *Rhines v. Webber*, 544 U.S. 269, 274-75 (2005).  However, such stays can only be granted

24   upon a showing of good cause for petitioner's failure to exhaust the issues before filing the

25   federal petition, and a showing that the issues which the petitioner proposes to exhaust are

26   "potentially meritorious."  *Id.*

27        Claim five alleges that trial counsel failed to inform petitioner of his absolute right to

28   testify on his own behalf, and that if petitioner had been so informed, he would have

United States District Court
For the Northern District of California

testified at trial.  As the court determined in issuing the order to show cause, at this early

stage of the proceedings, this claim is potentially meritorious.  With respect to good cause,

petitioner has demonstrated that he is currently attempting to exhaust his unexhausted

claim in state court.  Accordingly, there is nothing to suggest that petitioner has engaged in

dilatory tactics or that he has failed to exercise diligence in bringing his claims before the

state court and this court.

In his motion to dismiss, respondent asks, in the alternative, that the court stay these

proceedings until the state supreme court has ruled.  As petitioner has demonstrated good

cause and potential merit of his unexhausted claim, and in the absence of an objection by

respondent to staying this petition during the pendency of the state habeas proceedings,

the motion to dismiss is DENIED and petitioner's request for a stay is GRANTED.

This action is hereby STAYED to allow petitioner to exhaust his unexhausted claim

in the state supreme court.  If petitioner is not granted relief by the state supreme court, he

may return to this court and ask that the stay be lifted.  The stay is subject to the following

condition:  petitioner must notify this court **within thirty days** after the state supreme court

has completed its review of his claims or after it has refused review of his claims.  If this

condition of the stay is not satisfied, this court may vacate the stay and act on this petition.

The clerk shall administratively close this case.  The closure has no legal effect; it is

purely a statistical matter.  The case will be reopened, the stay vacated, and an order to

show cause issued upon notification by petitioner in accordance with the conditions set

forth above.

**IT IS SO ORDERED.**

Dated:  February 8, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge