UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY WILLIAM HAWLEY,

    Petitioner,

    v.

SCOTT MCEWEN, Warden,

    Respondent.
_____/

No. C 12-5101 PJH

**ORDER STAYING PROCEEDINGS; ORDER ADMINISTRATIVELY CLOSING CASE**

    Petitioner Timothy William Hawley, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 22, 2012, the court entered an order to show cause why the petition should not be granted.  Respondent Scott McEwen filed a motion to dismiss the habeas petition on the ground that claim five is not exhausted and is pending in a state habeas petition before the California Supreme Court.  Petitioner filed an opposition to motion, asking the court to issue a stay and abeyance of the petition until the supreme court issues a ruling on the pending state habeas petition.  Respondent did not reply to petitioner's opposition.  The court determines that the matter is suitable for decision without oral argument and vacates the hearing noticed by respondent in his moving papers.

    District courts have the authority to stay mixed petitions to allow for exhaustion.  *See Rhines v. Webber*, 544 U.S. 269, 274-75 (2005).  However, such stays can only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious."  *Id.*

    Claim five alleges that trial counsel failed to inform petitioner of his absolute right to testify on his own behalf, and that if petitioner had been so informed, he would have

testified at trial.  As the court determined in issuing the order to show cause, at this early stage of the proceedings, this claim is potentially meritorious.  With respect to good cause, petitioner has demonstrated that he is currently attempting to exhaust his unexhausted claim in state court.  Accordingly, there is nothing to suggest that petitioner has engaged in dilatory tactics or that he has failed to exercise diligence in bringing his claims before the state court and this court.

In his motion to dismiss, respondent asks, in the alternative, that the court stay these proceedings until the state supreme court has ruled.  As petitioner has demonstrated good cause and potential merit of his unexhausted claim, and in the absence of an objection by respondent to staying this petition during the pendency of the state habeas proceedings, the motion to dismiss is DENIED and petitioner's request for a stay is GRANTED.

This action is hereby STAYED to allow petitioner to exhaust his unexhausted claim in the state supreme court.  If petitioner is not granted relief by the state supreme court, he may return to this court and ask that the stay be lifted.  The stay is subject to the following condition:  petitioner must notify this court **within thirty days** after the state supreme court has completed its review of his claims or after it has refused review of his claims.  If this condition of the stay is not satisfied, this court may vacate the stay and act on this petition.

The clerk shall administratively close this case.  The closure has no legal effect; it is purely a statistical matter.  The case will be reopened, the stay vacated, and an order to show cause issued upon notification by petitioner in accordance with the conditions set forth above.

**IT IS SO ORDERED.**

Dated: February 8, 2013

PHYLLIS J. HAMILTON
United States District Judge

2